UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DENISE BOORMAN, an individual and as the personal representative of RICHARD LESLIE FRANCIS BOORMAN; BILLY CHRISTIAN BOORMAN, a minor; DEAN ALFRED BOORMAN; RITA VAN INGEN; DIANE GOODWIN; and GEMMA BARKER,<br><br>Plaintiffs,<br><br>v.<br><br>NEVADA MEMORIAL CREMATION SOCIETY, INC., a Nevada corporation formerly identified as NEVADA FUNERAL SERVICE; STEVE ALLEN; ERIC ARCENEAUX; CLARK COUNTY; CLARK COUNTY CORONER'S OFFICE; and MONIQUE BEVERLY,<br><br>Defendants. | 2:07-CV-00706-PMP-GWF<br><br>ORDER |

Presently before the Court is Defendants Clark County and Monique Beverley's Motion to Dismiss Plaintiffs' Third Amended and Supplemental Complaint for Damages; and a Motion for Clarification; and, Alternatively Answer to Third Amended and Supplemental Complaint for Damages and Cross-Complaint Against Nevada Memorial Cremation Society, Inc., Nevada Funeral Service, Steve Allen and Eric Arceneaux (Doc. #84/#95), filed on November 23, 2010. Plaintiffs filed an Opposition (Doc. #89) and a Counter Motion to Extend Date to File Amended Complaint and Motion for Leave to File 4th Amended Complaint (Doc. #90) on December 10, 2010. Defendants Clark County and

Monique Beverley filed a Reply (Doc. #93) and an Opposition to Plaintiffs' Motion to Amend (Doc. #94) on December 20, 2010. Defendants Nevada Memorial Cremation Society, Inc. and Steve Allen filed a Joinder to Defendants Clark County and Monique Beverley's Reply (Doc. #96) on December 22, 2010. Plaintiffs filed a Reply (Doc. #97) on December 30, 2010.

**I. BACKGROUND**

This is a diversity action brought by relatives of Richard Boorman ("Richard"), a citizen of the United Kingdom who died on June 28, 2005, while visiting Las Vegas. (Third Am. Compl. [Doc. #82] at 3-6.) Plaintiffs are Richard's mother and personal representative, brothers, grandmother, cousin, and aunt. (Id.)

Richard's body was transported to Defendant Clark County Nevada Coroner's Office ("Coroner"). (Id. at 6.) The Coroner performed an autopsy which required the Coroner to remove Richard's internal organs for examination. (Id.) The Coroner subsequently released the body to Defendant Nevada Memorial Cremation Society, Inc. ("Funeral Service") for embalming. (Id.) When Richard's body was returned to England, it was discovered that his internal organs were missing. (Id.)

Plaintiffs Denise Boorman, Richard's mother, and Billy Boorman, Richard's brother, initially brought this action on May 31, 2007, against Defendant Funeral Service. (Compl. [Doc. #1].) Plaintiffs also named Doe defendants who Plaintiffs alleged "are in some manner responsible for the events and happenings referred to and caused the damages as alleged herein." (Id. at 2-3.) Plaintiffs brought claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence based on the misplacement of Richard's organs. (Id. at 4-6.)

Plaintiffs amended their Complaint on March 18, 2008, adding Plaintiffs, Defendants, and causes of action. In addition to Denise and Billy Boorman, the Amended Complaint added as Plaintiffs Dean Boorman, Richard's brother; Rita Van Ingen, Richard's

grandmother; Diane Goodwin, Richard's aunt; and Gemma Barker, Richard's cousin. (Am. Compl. at 2-3.) The Amended Complaint also substituted Doe Defendants for Defendant Clark County; Defendant Clark County Coroner's Office; Steve Allen ("Allen"), a Funeral Service employee; Eric Arceneaux ("Arceneaux"), a Funeral Service employee; and Monique Beverley ("Beverley"), a Coroner's Office employee. (Id. at 3-4.) Defendants Funeral Service, Allen, and Arceneaux hereafter are referred to as the "Mortuary Defendants."

The Amended Complaint also added new factual allegations and related causes of action. The Amended Complaint alleged Defendant Coroner took or lost Richard's organs, falsely represented that it turned the organs over to Defendant Funeral Service, and conspired with Funeral Service to conceal what happened to Richard's organs. (Id. at 6-9.) Plaintiffs contended Coroner employee Beverley initially marked a release form to indicate that the organs were not with the body. (Id. at 8.) Plaintiffs alleged Beverley altered the form by crossing out that indication and marking on the release form that the organs were in a viscera bag and were released with the body to Funeral Service. (Id. at 8-9.) Plaintiffs also contended Funeral Service employees Allen and Arceneaux placed a sheet inside Richard's body to conceal the fact that his organs were missing. (Id. at 9.) Based on these allegations, Plaintiffs brought the original emotional distress and negligence claims, and added claims for fraudulent misrepresentation, breach of fiduciary duty, breach of contract, conversion, conspiracy to intentionally inflict emotional distress, conspiracy to make fraudulent misrepresentations, conspiracy to breach fiduciary duties, and conspiracy to commit conversion. (Id. at 11-18.)

Defendants Clark County, the Coroner, and Beverley moved to dismiss or in the alternative for summary judgment. Among other things, Defendants argued Plaintiffs other than Richard's mother lacked standing to pursue claims related to the handling of Richard's body because his mother is the only person with legal rights to the body. Defendants also

moved to dismiss several claims for failure to state a claim.

Because Nevada previously had not addressed many issues surrounding torts involving the mistreatment of human remains, this Court certified various questions to the Nevada Supreme Court aimed at determining who could bring emotional distress claims based on the mistreatment of a loved one's remains, whether those persons must witness the insult to their loved one's body, and whether they must manifest physical symptoms or allege a physical impact to bring such a claim. (Order (Doc. #54).) The Court also certified questions as to whether a coroner owes a fiduciary duty to the deceased person's family, and whether a cause of action exists under Nevada law for conversion of human remains. (Id.)

By separate Order, the Court granted Plaintiffs leave to amend their fraud claims to plead fraud with particularity as to each alleged misrepresentation and to allege reliance and damages. (Order (Doc. #53).) The Court also granted Plaintiffs leave to amend to make factual allegations supporting their conspiracy claim. (Id.)

Plaintiffs thereafter filed a Second Amended Complaint, asserting against Defendants claims for intentional and negligent infliction of emotional distress, negligence, fraud, breach of fiduciary duty, breach of contract, conversion, conspiracy to intentionally inflict emotional distress, conspiracy to commit an intentional misrepresentation, conspiracy to breach fiduciary duties, conspiracy to commit conversion, and fraud. (Second Am. Compl. (Doc. #58).) Defendants again moved to dismiss the fraud and conspiracy claims. The Court denied the motion. (Order (Doc. #65).)

In the meantime, the Nevada Supreme Court agreed to accept the certified questions, and on August 10, 2010, issued its Opinion. (Op. (Doc. #70).) The Nevada Supreme Court ruled that "close family members who were aware of the death of a loved one and to whom mortuary services were being provided may assert an emotional distress claim for the negligent handling of a deceased person's remains against a mortuary." (Id. at

5.) Those persons need not observe the insult to their loved one's remains, and they need not establish physical impact or physical manifestation of emotional distress. (Id.) However, the only person who may assert an emotional distress claim against a county coroner is the person who legally has the right to dispose of the decedent's body. (Id.) That person need not observe the insult to the body, and need not establish physical impact or physical manifestation of emotional distress. (Id.) The Nevada Supreme Court also held that Nevada does not recognize a claim for conversion of a corpse, and that a coroner does not owe a fiduciary duty not to lose, misplace, or misappropriate a deceased person's organs, or to inform family members of the organs' whereabouts. (Id. at 5, 11 n.6.)

Based on the Nevada Supreme Court's Opinion, the Court directed the parties to file a status report. (Order (Doc. #71).) In response, Defendants renewed their original motion to dismiss with respect to the emotional distress, fiduciary duty, and conversion claims. In October 2010, the Court granted the motion and directed Plaintiffs to file a Third Amended Complaint consistent with the Nevada Supreme Court's Opinion. (Order (Doc. #81).) Plaintiffs thereafter filed the Third Amended Complaint, which asserts claims for intentional and negligent infliction of emotional distress, negligence, fraud, breach of fiduciary duty, breach of contract, conspiracy to intentionally inflict emotional distress, conspiracy to commit an intentional misrepresentation, conspiracy to breach fiduciary duties, aiding and abetting intentional infliction of emotional distress, aiding and abetting negligent infliction of emotional distress, and aiding and abetting breach of fiduciary duty.

Defendants Clark County and Beverley now move to dismiss, arguing Plaintiff Denise Boorman fails to state a claim for negligent infliction of emotional distress or negligence because she does not base her claims on negligent handling of Richard's remains, but rather upon negligent failure to supervise or investigate, and she fails to allege a physical impact associated with these claims. Defendants also argue the Court should dismiss the conspiracy to breach fiduciary duties claim because under the Nevada Supreme

Court's ruling, Defendants Clark County and Beverley owed no fiduciary duties to Plaintiffs. Defendants also argue the Court should dismiss the new aiding and abetting claims because Plaintiffs did not obtain Defendants' consent or leave of the Court to add new claims. Defendants also move for clarification of this Court's October 2010 Order, requesting the Court clarify whether it intended the dismissal to extend to all Plaintiffs' claims except Denise Boorman's claims for negligent and intentional infliction of emotional distress.

In response, Plaintiffs argue that Denise Boorman's negligence-based claims are based on allegations of mishandling of Richard's remains and thus need not allege physical impact, consistent with the Nevada Supreme Court's ruling. Plaintiffs also argue the Court should not dismiss the conspiracy to breach fiduciary duties claim because Nevada has not adopted the rule of California conspiracy law on which Defendants rely. Plaintiffs also argue that even though Clark County and Beverley owe no fiduciary duty to Plaintiffs, the Mortuary Defendants do, and Clark County and Beverley conspired with the Mortuary Defendants to breach those duties. With respect to the new aiding and abetting allegations, Plaintiffs contend that these claims are based on the same factual predicate that has existed from the beginning of the case, and come in response to the Nevada Supreme Court's Opinion in this previously undefined area of law. Plaintiffs contend they read this Court's October 2010 Order as inviting an open-ended amendment, but to the extent that was in error, Plaintiffs seek leave to amend to add these new claims. Plaintiffs contend that given the novel law at issue, and the absence of delay or prejudice to Defendants, amendment is proper.

In response to Plaintiffs' motion to amend, Defendants argue that Plaintiffs could have alleged the new claims from the beginning of this case but failed to do so, and in effect are circumventing the Nevada Supreme Court's Opinion. Defendants argue they are prejudiced because they have conducted discovery without these claims being at issue.

Defendants request that in the event the Court grants amendment, the Court also permit Defendants to serve five additional interrogatories.

**II. DEFENDANTS' MOTION TO DISMISS (Doc. #84)**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, the Court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). There is a strong presumption against dismissing an action for failure to state a claim. Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. Bell Atl. Corp. v Twombly, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id. at 555.

**A. Negligent Infliction of Emotional Distress/Negligence**

Plaintiffs' negligent infliction of emotional distress and negligence claims incorporate by reference all prior allegations in the Third Amended Complaint. Plaintiffs' negligence-based claims therefore are based on the allegations that Defendants misappropriated, mishandled, and/or lost Richard's internal organs, as set forth in prior allegations in the Third Amended Complaint. Pursuant to the Nevada Supreme Court's Opinion, Plaintiffs need not allege physical impact to support these claims. The Court will deny Defendants' motion to dismiss the negligence-based counts.

**B. Conspiracy to Breach Fiduciary Duty**

Plaintiffs' conspiracy to breach fiduciary duty claim alleges that Defendants conspired to intentionally inflict emotional distress on Plaintiffs and conspired to "cause a breach of fiduciary duty, whether they owed a primary duty, and/or as conspirators and/or in

aiding and abetting others who owed a primary duty to Plaintiffs." (Third Am. Compl. at 20.) Plaintiffs also allege that Clark County owed a fiduciary duty to Plaintiffs. (Id. at ¶¶ 27, 29.)

To the extent Plaintiffs allege Defendants Clark County or Beverley owed them a fiduciary duty, such allegations are contrary to the Nevada Supreme Court's Opinion in this matter and any claim based on such a duty is hereby dismissed. However, the Court understands Plaintiffs to be alleging that the Mortuary Defendants owed Plaintiffs fiduciary duties, and that Defendants Clark County and Beverley conspired with the Mortuary Defendants to breach those fiduciary duties.

Defendants, relying on California case law, argue that to assert a conspiracy claim, each conspirator must owe an independent duty to the plaintiff, and because Clark County and Beverley do not owe a fiduciary duty to Plaintiffs under the Nevada Supreme Court's Opinion in this matter, they cannot be liable for conspiracy to commit a breach of fiduciary duty. Under California law, conspiracy "is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 869 P.2d 454, 457 (Cal. 1994). Pursuant to Applied Equipment, in California–

> [c]onspiracy is not an independent tort; it cannot create a duty or abrogate an immunity. It allows tort recovery only against a party who already owes the duty and is not immune from liability based on applicable substantive tort law principles.

Id. at 459.

Nevada has not adopted the rule set forth in Applied Equipment or otherwise indicated a similar rule applies in Nevada. Under Nevada law, to establish a civil conspiracy claim, a plaintiff must show (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. Jordan v. State ex rel. Dep't of

Motor Vehicles & Pub. Safety, 110 P.3d 30, 51 (Nev. 2005) (per curiam) (stating that "an underlying cause of action for fraud is a necessary predicate to a cause of action for conspiracy to defraud"), abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas, 181 P.3d 670, 672 n. 6 (Nev. 2008); GES, Inc. v. Corbitt, 21 P.3d 11, 15 (Nev. 2001).

However, Nevada has not stated that it would require each conspirator to owe the duty that forms the predicate for the underlying tort. Rather, Nevada has indicated that a co-conspirator could be liable in tort where no such duty is owed. In Hilton Hotels Corp. v. Butch Lewis Productions, Inc., the Nevada Supreme Court stated that "[a]nyone who intentionally conspired and acted with" a party to a contract to take actions that breached the covenant of good faith and fair dealing implied in that contract "could be held liable in tort," even if they were not parties to the contract. 862 P.2d 1207, 1210-11 (Nev. 1993) ("If Hilton is able to prove that the implied contractual covenant of good faith and fair dealing was breached, the jury will then be free to also determine whether the breach resulted from tortious acts of conspiracy and interference involving the other named defendants.").

The Court thus concludes Nevada does not require that each conspirator owe an independent duty to the plaintiff to support a civil conspiracy claim. To the extent such a duty is owed, it suffices under Nevada law to allege that Defendants Clark County and Beverley owed a duty to Plaintiffs not to conspire with those who do owe fiduciary duties to Plaintiffs to breach those duties. The Court therefore will deny Defendants' motion to dismiss the conspiracy count to the extent it is based on an alleged conspiracy to violate Mortuary Defendants' fiduciary duties.

**C. Aiding and Abetting Claims**

The Court will address the aiding and abetting claims with respect to Plaintiffs' motion to amend. Because, as discussed below, the Court will permit Plaintiffs to amend, the Court will deny Defendants' motion to dismiss these claims.

**III. DEFENDANTS' MOTION FOR CLARIFICATION (Doc. #95)**

Defendants request the Court clarify whether the October 2010 Order meant to dismiss all Plaintiffs' claims except Denise Boorman's claims for intentional and negligent infliction of emotional distress. Plaintiffs respond that the Court's October 2010 Order was in response to the Nevada Supreme Court's Opinion, which did not address Plaintiffs' fraud and conspiracy claims, and thus the Court could not have intended to dismiss Plaintiffs' fraud and conspiracy claims when it directed Plaintiffs to amend in light of the Nevada Supreme Court's Opinion.

The Court's October 2010 Order was not directed at Plaintiffs' fraud and conspiracy claims. The Court previously denied Defendants' motion to dismiss these claims. Because the Nevada Supreme Court's Opinion did not address these claims, the Court's Order directing Plaintiffs to amend to conform to the Nevada Supreme Court's Opinion did not affect the fraud and conspiracy claims.

In reply, Defendants argue that the Court should dismiss the fraud claims because Plaintiffs' only damages would be emotional distress, and there is no allegation Plaintiffs suffered a physical impact or physical manifestation of emotional distress. The Court normally will not address an issue raised for the first time in reply because opposing parties are deprived of the opportunity to respond. Carstarphen v. Milsner, 594 F. Supp. 2d 1201, 1204 n.1 (D. Nev. 2009). However, Plaintiffs responded to this argument in their reply to their motion to amend. Plaintiffs argue that the physical impact requirement is relaxed for cases involving the mishandling of a loved one's remains, and Defendants owed Plaintiffs a duty not to make fraudulent misrepresentations in relation to the mishandling of Richard's organs.

Defendants rely on Betsinger v. D.R. Horton, Inc., in which the Nevada Supreme Court held that a plaintiff seeking emotional distress damages resulting from deceptive trade practices in connection with a failed real estate and lending transaction must establish

a physical manifestation of emotional distress. 232 P.3d 433, 436 (Nev. 2010). The Nevada Supreme Court noted that "[w]hile we have relaxed the physical manifestation requirement in a few limited instances," the Court would not do so for emotional distress arising from deceptive trade practices related to the sale of a house. Id. In contrast, the Nevada Supreme Court Opinion in this matter is one of those instances in which Nevada has relaxed the physical manifestation requirement. Although the Nevada Supreme Court did not address the fraud claims in this case, the Nevada Supreme Court's Opinion supports the conclusion that fraudulent misrepresentations about the misappropriating or mishandling of a loved one's remains likewise would benefit from the relaxed physical manifestation requirement for emotional distress damages. Thus, Plaintiffs need not allege physical manifestation of emotional distress to support the fraud claims.

**IV. PLAINTIFFS' MOTION TO AMEND (Doc. #90)**

Plaintiffs move to amend to assert aiding and abetting claims as set forth in the Third Amended Complaint. Defendants oppose amendment, arguing Plaintiffs could have asserted these claims from the inception of the case. Alternatively, Defendants request leave to serve additional interrogatories relating to these newly asserted claims.

Generally, a plaintiff may amend his or her complaint once "as a matter of course" within twenty-one days after serving it, or twenty-one days after service of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). "The Court should freely give leave when justice so requires." Id.; see also Foman v. Davis, 371 U.S. 178, 182 (1962) ( "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). The Court considers five factors in deciding whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." Allen v. City of Beverly Hills, 911 F.2d

367, 373 (9th Cir. 1990) (citing Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)). The futility analysis determines whether the proposed amendment would survive a challenge of legal insufficiency under Federal Rule of Civil Procedure 12(b)(6). Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

Plaintiffs' requested amendment is not in bad faith nor is it unduly delayed. Plaintiffs' claims raise novel issues which required this Court to certify questions to the Nevada Supreme Court for guidance. Plaintiffs promptly amended following the Nevada Supreme Court's Opinion. Defendants are not prejudiced because Plaintiffs' claims factually have not changed. Plaintiffs merely have altered legal theories in light of the Nevada Supreme Court's clarification of Nevada law.

Amendment would not be futile. As explained with respect to Plaintiffs' conspiracy claim, Plaintiffs' aiding and abetting claims rest on the theory that Defendants aided and abetted the Mortuary Defendants in breaching duties the Mortuary Defendants owed to Plaintiffs. That Clark County and Beverley do not separately owe these duties to Plaintiffs does not insulate them from allegations that they aided and abetted others who allegedly did owe such duties. Finally, although Plaintiffs previously have amended their complaint, their latest amendment is based on guidance provided by the Nevada Supreme Court relating to novel legal issues previously unresolved in Nevada.

The Court therefore will permit Plaintiffs to amend their complaint. Because the proposed Fourth Amended Complaint is identical to the Third Amended Complaint, the Court will deem the Third Amended Complaint (Doc. #82) as the operative complaint in this action. Defendants previously have answered the Third Amended Complaint (Doc. #84, #87). Therefore, ordering the proposed Fourth Amended Complaint and answers thereto to be filed would be a waste of the parties' time and resources, and no further pleadings are required. The Court will grant Defendants' request to serve five (5) extra interrogatories directed solely at the new aiding and abetting claims.

**V. CONCLUSION**

IT IS THEREFORE ORDERED that Defendants Clark County and Monique Beverley's Motion to Dismiss Plaintiffs' Third Amended and Supplemental Complaint for Damages; and a Motion for Clarification; and, Alternatively Answer to Third Amended and Supplemental Complaint for Damages and Cross-Complaint Against Nevada Memorial Cremation Society, Inc., Nevada Funeral Service, Steve Allen and Eric Arceneaux (Doc. #84/#95) is hereby GRANTED in part and DENIED in part. The motion to dismiss is granted to the extent that any claim for a conspiracy to breach fiduciary duties based on a fiduciary duty running from Defendants Clark County or Monique Beverley to Plaintiffs is hereby dismissed. The motion to dismiss is denied in all other respects. The motion for clarification is granted in that the Court clarifies the October 2010 Order as set forth in more detail above.

IT IS FURTHER ORDERED that Plaintiffs' Counter Motion to Extend Date to File Amended Complaint and Motion for Leave to File 4th Amended Complaint (Doc. #90) is hereby GRANTED in that the Third Amended Complaint (Doc. #82), which is identical to the proposed Fourth Amended Complaint, is the operative complaint in this action.

IT IS FURTHER ORDERED that because Defendants have answered the Third Amended Complaint, no further pleading is required.

IT IS FURTHER ORDERED that Defendants may, within thirty (30) days of the date of this Order, serve five (5) extra interrogatories directed solely at the new aiding and abetting claims.

DATED: February 24, 2011

_______________________________
PHILIP M. PRO
United States District Judge